Requestor: Honorable Henry J. Stanton, Executive Director New York State Bridge Authority Bridge Plaza Highland, New York 12528
Written by: Robert Abrams, Attorney General
Your counsel has asked whether the New York State Bridge Authority (the "Bridge Authority") may sell certain of its real property, which the Bridge Authority has determined to be unnecessary for its corporate purposes, and credit the proceeds to its own revenues.
Your counsel has advised us that the three parcels in issue were acquired in 1958 pursuant to the provisions of Public Authorities Law, §529(1) (hereafter "PAL"); that is, on behalf of the Bridge Authority, the Commissioner of the New York State Department of Public Works, the predecessor of the New York State Department of Transportation, acquired the parcels in the name of the State by agreement, dedication, condemnation or appropriation (PAL, § 529[1]). The parcels were acquired in connection with the construction of the original span of the Newburgh-Beacon Bridge and related improvements. The Bridge Authority paid to the Department of Public Works the full cost of the acquisition from Bridge Authority revenues and/or bond proceeds. Bonds issued by the Bridge Authority to finance construction of the original span of the Newburgh-Beacon Bridge are no longer outstanding.
Among the powers of the Bridge Authority set forth in its enabling legislation are the following:
 "1-a. To hold in the name of the state any real property acquired for its corporate purposes and, with the approval of the commissioner [of the New York State Department of Transportation], to sell, lease, exchange, or otherwise dispose of any real property or rights or easements therein, heretofore or hereafter acquired pursuant to the `state bridge authority act', determined by it to be not necessary for its corporate purposes" (PAL, § 528[1-a]).
Public Authorities Law, § 528(1-a) was added by L 1964, ch 303. Our examination of memoranda included in the bill jacket of such chapter indicates that the intent of the provision is to empower the Bridge Authority to dispose of its surplus property, upon consent of the Commissioner of the New York State Department of Transportation, a power not previously authorized by statute, and to retain the proceeds.*
We have not examined, and this opinion does not address, whether bond covenants or other contractual undertakings of the Bridge Authority prohibit or otherwise restrict the Bridge Authority's disposal of the subject parcels or the use of the proceeds thereof.
In our view, Public Authorities Law, § 528(1-a) empowers the Bridge Authority to dispose of certain real property, with the approval of the Commissioner of the New York State Department of Transportation, which the Bridge Authority holds in the name of the State and which it has determined to be not necessary for its corporate purposes, and to credit the proceeds thereof to its own revenues.
* "The Bridge Authority has excess land in Dutchess County adjacent to the Newburgh-Beacon Bridge and desires to dispose of this land. The Public Authorities Law is not clear in giving the Authority the power to sell this land. This bill makes it definite that the Authority can sell it with the approval of the Superintendent. The proceeds of the sale of any land would be used by the Bridge Authority for the redemption of its Bridge Bonds" (excerpt from memorandum dated March 27, 1964 of Edward J. Burns, Adm. Officer, New York State Bridge Authority).
"There is nothing in the present law allowing the State Bridge Authority to hold any real property, in the name of the State, or to sell, lease, exchange or otherwise dispose of same, with the approval of the Superintendent of Public Works, when said property was determined by it to be not necessary for its corporate purposes. This amendment would correct this defect" (excerpt from memorandum dated April 3, 1964 of Louis J. Lefkowitz, Attorney General).
"Authorizes the New York State Bridge Authority, with the approval of the Superintendent of Public Works, to sell, exchange, lease, or otherwise dispose of real property . . . Present law gives the Authority the right to purchase and hold property, but does not permit the disposition of surplus real estate . . . We recommend approval of this bill. The Authority should have the right to convert excess property into cash" (excerpts from memorandum dated April 1, 1964 entitled "Budget Report on Bills").
"Under Sections 528-b and 529 of the Public Authorities Law, the Superintendent of Public Works is given the power and duty to acquire property for the State Bridge Authority, but he is not given the power to dispose of any of this property once jurisdiction has passed to the State Bridge Authority. Likewise, the State Bridge Authority, which is limited to carrying out transactions under those powers expressly given it within the State Bridge Authority Act, has no power to dispose of any of its excess property. There are instances when this power would be highly desirable and it would be in the best interests of the State to have the excess land put to use.
"The New York State Thruway Authority, which operates under somewhat similar statutory powers, has the power to dispose of excess property under Subdivision 4 of Section 354 of the Public Authorities Law.
"This bill would give the State Bridge Authority the necessary power to dispose of excess property not required for its purposes subject to the approval of the Superintendent of Public Works" (excerpt from the memorandum dated April 6, 1964 of J. Burch McMorran, Superintendent of Public Works).